LANDERS BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28393. Promulgated October 25, 1929.

*Clarence M. Mulholland, Esq.*, for the petitioner.
*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

OPINION.

MARQUETTE: The deduction claimed by the petitioner, if allowable, must come within the provisions of section 234 (a) (4) of the Revenue Act of 1921. So far as applicable to this proceeding, the provisions are as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*    \*    \*    \*    \*    \*    \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; unless, in order to clearly reflect the income, the loss should in the opinion of the Commissioner be accounted for as of a different period.

In our opinion the petitioner is not entitled to its claimed deduction in 1922 for the reason that no loss is shown to have been sustained in that year. If any loss occurred, it was in 1921, when the petitioner agreed to the adjustment of its contracts with the Auto Fabrics Co. and entered upon its books a credit to that company for the amount due under the adjustment. The controlling statute permits deductions for " losses sustained during the taxable year." Here, the loss, if any, was definitely fixed in 1921 and was deductible for that year, but there is no provision of the statute for carrying a loss over to later years for purposes of deduction. See *F. Bauer*, 2 B. T. A. 147; *Humble & Gulf Coast Oil Co.*, 5 B. T. A. 328; *Dixie Groves & Cattle Co.*, 5 B. T. A. 1274; *H. H. DeLoss*, 6 B. T. A. 784. The time of actual payment of a loss does not necessarily determine the time when the loss occurred. *Mrs. J. C. Erwin*, 7 B. I. A. 919.

Whether or not the petitioner would be able to make adjustments with its customers similar to that exacted from the petitioner by the Auto Fabrics Co. does not in any way affect the situation. The petitioner was party to two groups of business contracts—group A, by which the petitioner obligated itself to buy from the Fabrics Co. certain goods at specified prices, and group B, by which the petitioner agreed to sell these or similar goods to its customers for specified prices. Each group of contracts was separate and distinct from the other; each was enforceable between the contracting parties without regard to what might occur regarding the other group. The rights, powers, and privileges, and the duties and obligations created by one set of contracts were entirely independent of those created by the other set. So far as we are advised, there was no legal relation between the two groups of contracts. The obligation to the Fabrics Co. was not made dependent upon the petitioner's ability to enforce its contracts with its customers. Therefore, under the statute, the petitioner was not entitled to defer its deduction for

the loss claimed until such time as it might be determined whether that loss could be covered by collections from customers.

The respondent asserted a penalty under section 250 (b) of the Revenue Act of 1921, amounting to 50 per cent of the deficiency in tax. That section, so far as is here applicable, provides that:

If any part of the deficiency is due to fraud with intent to evade tax, then * * * there shall be added as part of the tax 50 per centum of the deficiency in tax.

The record does not, in our opinion, disclose any evidence of fraud. Even if the petitioner was mistaken as to the deductibility of its alleged loss, an error in judgment as to what does, and what does not, fall within the purview of the statute is not an indication of bad faith to be branded as fraud and penalized as such.

The petitioner's income tax for 1922 should be recomputed, and the penalty asserted by the respondent should be remitted.

*Judgment will be rendered under Rule 50.*